## GRUBB v SIDNEY FRUIT CO

Ohio Appeals, 2nd Dist, Miami Co

No 312. Decided May 1, 1933

Cable & Cable, Lima, for plaintiff in error.

Charles C. Hall, Sidney, Taylor Cumming, Sidney, and R. A. Kerr, Troy, for defendant in error.

KUNKLE, J.

Motion for new trial having been filed and overruled and judgment entered upon the verdict, error is prosecuted to this court.

Counsel have submitted to the court extensive briefs in which the various grounds of error relied upon are discussed and pertinent portions of the testimony are cited.

We have considered the record with care and also the briefs of counsel.

Counsel for plaintiff in error seriously contend that the verdict in this case is against the manifest weight of the evidence and also that the amount of the verdict is excessive.

We shall not undertake to quote from the testimony in detail. It will be unnecessary for us so to do as counsel are thoroughly familiar with the same and have called attention in their briefs to the controlling features of the evidence.

From our reading of the testimony, we are of opinion that the record contains ample evidence to support the verdict if the testimony offered by defendant in error was believed by the jury. It is also claimed by counsel for plaintiff in error that the testimony of the witness, Cianciolo in particular is unworthy of credit.

The weight to be given the testimony of the various witnesses and the credibility of the witnesses are questions which are peculiarly within the province of the jury.

The jury has the advantage of observing the demeanor of the witness while on the witness stand and are therefore much better qualified to determine, not only the credibility, but the weight which is to be given the testimony of the different witnesses than is a reviewing court.

As above stated, from our consideration of the record we would not feel warranted in disturbing the verdict upon the ground that the same is against the manifest weight of the evidence, nor that the verdict is excessive.

Objection is also made to the introduction and objection of testimony.

We have examined the pages of the record to which our attention has especially been called by counsel in their brief but find no error in the admission or rejection of testimony which we consider prejudicial to plaintiff in error.

Various objections are urged to the charge of the court upon pages 9 and 10 of the brief of counsel for plaintiff in error.

We find no prejudicial error in the respects therein suggested. Counsel for plaintiff in error especially object to the failure of the trial court to charge upon the question of contributory negligence.

The issue of contributory negligence was not raised by the pleadings. The answer of defendant in error does not suggest contributory negligence. On the contrary it claims that the collision was the result of the sole negligence of the employee of defendant in error in the driving of the truck in question.

The trial court evidently was of opinion that the question of contributory negligence was not in the case.

We are also of opinion that the question of contributory negligence was not raised by the testimony.

At the conclusion of the charge of the trial court on page 112 of the record the following appears:

"Mr. Cable:—Enter a general exception to the charge of the court, and a special exception on the failure to charge in the case of negligence of both parties."

This can not be construed as a request upon the part of counsel for plaintiff in error to charge upon the subject of contributory negligence, assuming that contributory negligence was shown by the testimony.

We think the trial court in its charge fully and fairly presented this case to the jury for its consideration.

Finding no error in the record which we consider prejudicial and which would warrant a reviewing court in disturbing the judgment, the same will be affirmed.

HORNBECK, PJ, and BARNES, J, concur.